IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                              Case No. 1:21-cr-00520-WJ

ERIC CHINO,

    Defendant.

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANT'S MOTION TO COMPEL LIVE TESTIMONY, MOTION IN LIMINE, AND REQUEST FOR DISCOVERY

THIS MATTER is before the Court upon Defendant Eric Chino's motion to compel production of witness testimony, compel additional discovery, and preclude the use of hearsay evidence at the revocation of supervised release hearing set for December 5, 2025. **[Doc. 115 ("Motion")]**. In view of the relevant law, Defendant's Motion is not well-taken and shall be DENIED.

### BACKGROUND

Defendant is before the Court for a third time on allegations of violating the conditions of his supervised release in connection with an underlying conviction of failing to update his registration as a convicted sex offender. Among other violations, Defendant is alleged to have violated the mandatory condition that he not commit a new federal, state, or local crime when he was charged by the State of New Mexico with five new felonies.[1] Doc. 91.

On July 2, 2025, a Criminal Complaint was filed in the Bernalillo County Metropolitan

---

[1] Defendant is also charged with violating the special condition that he participate in alcohol detection programming and failing to participate in sex offender treatment. Doc. 91. Defendant's motion focuses on the alleged new crime violation, so the Court's analysis similarly focuses on this alleged violation.

Court charging Defendant with two counts of Criminal Sexual Penetration in the Second Degree (§30-9-11(E)(3) N.M.S.A.), one count of Aggravated Battery Against a Household Member (Strangulation or Suffocation) (§§30-3-16(C)(3) and 31-18-15 N.M.S.A.), one count of False Imprisonment (§§ 30-4-3 and 31-18-15 N.M.S.A.) and one count of felony Battery on a Household Member (§ 30-3-15 N.M.S.A.). *See* Doc. 91. The state charges originate from a 911 call by Defendant's on-again off-again girlfriend, whom the Court shall refer to for purposes of this Order as A.L., reporting that Defendant had forced her to engage in sexual intercourse, strangled, and punched her in the face multiple times.

The Government has since provided defense counsel with the state criminal complaint, a "primary" Albuquerque Police Department (APD) report concerning the felony charges, the recording of A.L.'s 911 call, 14 body camera video recordings, and 73 photographs taken by law enforcement. Mot.: ¶ 7; Doc. 117 at 7. Defense counsel has also obtained additional police reports authored by multiple officers. Mot. ¶ 7.

Defendant asserts that, given that the alleged offense qualifies as a Grade A violation, the most serious grade of violation, the Government should be required to produce A.L.'s testimony at the revocation hearing in lieu of hearsay evidence. He also argues that he is entitled to additional discovery. The United States opposes Defendant's Motion, asserting that its arguments are inconsistent with legal standards applicable to supervised release revocation hearings.

## DISCUSSION

Defendant's Motion fails to appreciate the well-established distinction between a defendant's rights in the context of new federal criminal charges and supervised release revocation allegations. The Tenth Circuit has repeatedly held that revocation proceedings do not constitute criminal prosecutions. *United States v. Fay*, 547 F.3d 1231, 1234 (10th Cir. 2008); *United States*

*v. Cardova*, 461 F.3d 1184, 1187 (10th Cir. 2006); *United States v. Roper*, No. 25-2037, 2025 WL 3210483 (10th Cir. Nov. 18, 2025) (unpublished) (alleged violations of supervised release are distinct from new criminal charges). Among other distinctions, the same constitutional implications are not at play, and the Federal Rules of Evidence do not apply at revocation hearings. *United States v. Schlenker*, 767 F. Supp. 3d 1121, 1127 (D.N.M. 2025) ("'[T]he full panoply of rights' afforded to criminal defendants do not apply to individuals on supervised release.") (quoting *United States v. Martinez-Espinoza*, 110 F.4th 1187, 1194–95 (10th Cir. 2024)). In contrast to the beyond a reasonable doubt standard applicable to convictions for new federal offenses, a defendant may be found guilty of the violation of conditions of supervised release upon a lesser preponderance of the evidence standard. *Id.* at 1125.

### A. A.L.'s testimony is not required.

Defendant seeks to compel A.L.'s live testimony, due to an apparent belief that her reports to 911 and to responding officers after the incident lack sufficient credibility. Mot. ¶¶ 10, 13, 16–23, 25. According to Defendant, this evidence is suspect because to his knowledge A.L. has declined to undergo a "sexual assault nurse" examination, *id.* ¶¶ 13, 16; photographs of A.L.'s injuries were not taken, *id.* ¶ 21; there is physical evidence that has not been evaluated, ¶ 22; and A.L. "did not cooperate with or follow through to support" her allegations of domestic violence against another individual unrelated to the instant case, *id.* ¶¶ 25–26. Defendant also believes that A.L.'s accounts to emergency responders and law enforcement may be affected by A.L.'s alleged intoxication on the evening in question.

It is settled law in this Circuit that a defendant facing potential supervised release revocation enjoys a more limited right to confront adverse witnesses than that provided by the Sixth Amendment. *See Curtis v. Chester*, 626 F.3d 540, 544 (10th Cir. 2010); *United States v. Henry*, 852 F.3d 1204, 1206–07 (10th Cir. 2017) (Gorsuch, J.). Broadly speaking, the presentation of

evidence at a revocation hearing can include a witness's out-of-court statements if the witness is present for questioning. Fed. R. Crim. P. 32.1(b)(2)(C). In this sense, defendants alleged to have violated the conditions of their supervised release have a limited confrontation right. However, unlike in the criminal trial context, in the revocation context, the witness's presence is not required upon a judicial determination that the interest of justice does not mandate it. *Id.*

What's more, nothing in the federal rules, the Constitution, or Tenth Circuit precedent supports the notion that a witness's live testimony must *substitute* for their out-of-court statements.[2] In the revocation context, a court can consider a variety of evidence not ordinarily admissible in criminal prosecutions if the evidence is "sufficiently reliable." *Curtis*, 626 F.3d at 544–45; *Henry*, 852 F.3d at 1206. That includes hearsay. Whether the evidence proffered by the Government bears sufficient indicia of reliability will be determined by this Court at the hearing. Defendant does not present binding legal authority supporting his preferred approach. The Government is not required to produce A.L.'s live testimony in lieu of evidence involving her out-of-court statements.

**B. The Motion *in limine* is denied.**

Defendant maintains that A.L.'s out-of-court statements to law enforcement should be precluded, arguing that they are not sufficiently reliable and do not fall within the "excited utterances" exception to the Federal Rules of Evidence' general prohibition on hearsay. Mot.

---

[2]
> Indeed, it would be pretty anomalous if the qualified confrontation interest recognized by Rule 32.1 and [Tenth Circuit] precedent conveyed rights in revocation hearings more powerful than those conveyed by the Sixth Amendment Confrontation Clause in criminal trials, for even in that setting the express terms of the Clause itself do nothing to "bar admission of a [hearsay] statement so long as the declarant is present at trial to defend or explain it."

*Henry*, 852 F.3d at 1207 (quoting *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004)).

¶¶ 38–52. The Government asserts that Defendant's request is "premature and speculative." Doc. 17 at 6. The Court agrees with the Government. Defendant's request must be rejected.

There is no prohibition on hearsay in the revocation context, as long as the hearsay bears sufficient indicia of reliability and the declarant is present for cross-examination. *See Henry*, 852 F.3d at 1206; *Curtis*, 626 F.3d at 545; Fed. R. Crim. P. 32.1(b)(2)(C). If A.L. is not present at the hearing, the Court will have to determine whether the interest of justice requires her presence. If the Court determines her presence is not required, the Court will need to consider the available evidence and whether it sufficiently supports the reliability of the hearsay.[3]

Defendant relies upon certain examples of types of evidence the Tenth Circuit has indicated "possess[] recognized indicia of reliability" to argue that their absence precludes a reliability finding. Mot. ¶¶ 35–36 (citing *Curtis*, 626 F.3d at 545). In *Curtis*, the Court listed "[e]xamples of evidence possessing recognized indicia of reliability . . . : 1) the conventional substitutes for live testimony (e.g., affidavits, depositions, documentary evidence), 2) statements falling under an established exception to the hearsay rule, 3) statements corroborated by detailed police investigative reports, and 4) statements corroborated by the releasee's own statements." 626 F.3d at 545. But the Court did not indicate that these "examples" are exhaustive. Rather, the Court stated that these categories bear *recognized* indicia of reliability. In other words, if a piece of evidence falls within one of them, it is presumptively reliable. Other types of evidence may require more scrutiny but are by no means presumptively precluded. *See Morrissey v. Brewer*, 408 U.S. 471, 485 (1972) (explaining that revocation hearings "should be flexible enough to

---

[3] Federal Rule of Criminal Procedure 32.1 affords a defendant the right to "question any adverse witness unless the court determines that the interest of justice does not require the witness to appear." Fed. R. Crim. P. 32.1(b)(2)(C). "[W]hether the 'interest of justice does not require the witness to appear,' is . . . evaluated 'by balancing (1) the person's interests in the constitutionally guaranteed right to confrontation against (2) the government's good cause for denying it.'" *United States v. Williams*, 106 F.4th 1040, 1046 (10th Cir. 2024) (first quoting Fed. R. Civ. 32.1(b)(2)(C), then quoting *United States v. Jones*, 818 F.3d 1091, 1097 (10th Cir. 2016)).

consider evidence . . . that would not be admissible in an adversary criminal trial"); *United States v. Calvert-Cata*, No. 23-2000, 2024 WL 33901, at *1, *4 (10th Cir. Jan. 3, 2024) (affirming aggravated battery finding in the revocation context based on testimony from probation and law enforcement regarding victim's out-of-court statements, victim's injuries, and victim's demeanor as she ran to the police); *United States v. Francis*, 588 F. Supp. 3d 1240, 1242 (D.N.M. 2022) (rejecting challenge to supervised release violation finding based on court's consideration of video footage of victim's statements to law enforcement).

Defendant's other tack fares no better. Defendant expends considerable effort arguing that A.L.'s statements should be excluded because they do not fall within the "excited utterance" exception to the hearsay rule. Mot. ¶¶ 41–47. As explained, the Federal Rules of Evidence do not govern the admission of evidence in the revocation context in the same way they control the evidence at trial. *See* Fed. R. Evid. 1101(d)(3); *Henry*, 852 F.3d at 1206. This includes the rules applicable to hearsay. *United States v. Diaz*, No. 19-CR-0928, 2025 WL 1531377, at *15 (D.N.M. May 29, 2025) ("[T]he hearsay rules in the Federal Rules of Evidence do not apply in revocation hearings.") (quoting *United States v. Alvear*, 959 F.3d 185, 191 (5th Cir. 2020)) Therefore, the application of the excited utterance exception does not bear on the Court's determination whether to consider the statements in question.

Defendant has not provided – and the Court is not aware of any – legal basis to exclude A.L.'s hearsay statements at this preliminary stage.[4]

---

[4] In addition to lacking legal force, Defendant's apparently broad concern about the alleged weaknesses in the record is premature. At the revocation hearing, the United States will have the burden to prove the violations alleged in its petition by a preponderance of the evidence. At that time, Defendant will be able to present his arguments regarding whether the government has met its burden. In turn, the Court will make a finding as to whether the government has met its burden based on the admissible evidence and the arguments presented at the hearing. Nothing about the procedures to this point in this revocation matter raise a red flag.

### C. Additional discovery is not required.

To recap, the record indicates the Government has provided defense counsel with a police report, the 911 recording, body camera video footage and photographs by law enforcement — all of the non-testimonial evidence against Defendant within the Government's possession.  Mot. ¶¶ 6–8; Doc. 117 at 4, 7.  Defense counsel has also obtained 12 pages of police reports authored by four different officers and a total of 14 body camera recordings and 73 photographs.  Mot. ¶ 7.  Nonetheless, Defendant requests that the Court compel the Government to provide additional discovery in the way of police reports, victim and witness statements,

> victim and crime scene photographs, medical records of ambulance and medical treatment, and records of sexual assault interviews and testing reports regarding the alleged victim, 911 and dispatch recordings, and the results of any follow-up investigation, including but not limited to supplemental reports; and . . . a full report of A. L.'s criminal history; substance abuse history; and, separately, a full record of any other accusations or acts not amounting to criminal acts, which reflect on her credibility[.]

Mot. at 15.

As the Government correctly observes, Defendant's request exceeds the scope of what Fed. R. Crim. P. 32.1 requires.  Rule 32.1(b)(2)(B) requires that the Government disclose the evidence against the defendant.  The Government asserts, and Defendant does not contest, that it has disclosed the adverse evidence within its possession.  In the event the Government obtains additional evidence that it plans to use against the Defendant at the revocation hearing, it will be required to produce it to defense counsel in accordance with Rule 32.1.  To the extent Defendant seeks additional material outside that category, his motion is DENIED.

## CONCLUSION

The Motion (Doc. 115) is **DENIED** in its entirety.  It is so ORDERED.

/s/

_____
WILLIAM P. JOHNSON
SENIOR UNITED STATES DISTRICT JUDGE